UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROD BROWN<br><br>　　Plaintiff,<br><br>　　v.<br><br>PARSONS INSPECTION,<br><br>　　Defendant. | No.: 2:12-cv-1652<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

**THIS MATTER** comes before the Court upon Defendant's motion to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed this action on January 18, 2012, in the Superior Court of New Jersey, Law Division, Essex County. Plaintiff's factual allegations are sparse: Plaintiff alleges that he was fired for not "doing a part of my job" and further that his termination was wrong. In their entirety, Plaintiff's allegations comprise no more than one paragraph. It is not clear from the face of these allegations what Plaintiff's position was, what part of his job he allegedly failed to do, why his termination was wrongful, the approximate date of the events at issue, and other facts likely pertinent to his claims. On March 15, 2012, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b), arguing that the

1

Court has jurisdiction over Plaintiff's claims – unclear though they are – pursuant to Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185. On April 5, 2012, Defendant filed the instant motion to dismiss, claiming Plaintiff's factual allegations are too vague to state a claim for relief.

Defendant is correct that Plaintiff's allegations are too ambiguous and vague to meet the pleading requirements of Federal Rule of Civil Procedure 8, but Defendant is wrong that the solution is dismissal. As an initial matter, it is unclear that the Court even has subject-matter jurisdiction to entertain such a motion. And while Defendant has sought to introduce evidence and inference to support a conclusion that the Court has subject-matter jurisdiction under Section 301, Defendant's arguments cannot substitute for Plaintiff's pleadings. Dismissing Plaintiff's case under these circumstances would be improper and unfair.[1]

Instead, the Court will *sua sponte* order Plaintiff to submit a more definite statement of his complaint pursuant to Federal Rule of Civil Procedure 12(e); *see also Alston v. Parker*, 363 F.3d 229, 234 n.7 (3d Cir. 2004) (noting district court may *sua sponte* require plaintiff to submit more definite statement). After Plaintiff has submitted the statement, the Court will revisit the issue of subject-matter jurisdiction, and Defendant will have an opportunity to file a response or renew its already-filed motion to dismiss.

---

[1] And, in any event, Defendant has presented absolutely no grounds for dismissing Plaintiff's action *with* prejudice. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

For the foregoing reasons and for good cause shown;

**IT IS** on this 10th day of April, 2012, hereby,

**ORDERED** that Defendant's motion to dismiss is **DENIED** without prejudice to be re-filed; and it is further

**ORDERED** that Plaintiff shall have 30 days from the date of this Order in which to file a more definite statement of his complaint. Plaintiff's more definite statement should include, at a minimum, allegations regarding the following:

- The identity of his employer (presumably Defendant);

- His work history with that employer, including his job title at the time of his termination, any prior titles, and the dates of his employment;

- Whether or not he was working as a member of a union at the time of his firing, and, if so, the identity of his union;

- Whether or not he was, to his knowledge, covered by a collective bargaining agreement or any other employment contract at the time of his termination;

- A detailed account of his firing identifying the approximate date he was terminated and describing, in detail, the events leading up to his termination, and the circumstances of his termination;

- A description of any events that may have occurred after his termination that were related to his termination (for example, did he receive a hearing or did he partake in a grievance process); and

- A description of why Plaintiff believes that his employer violated the law when it terminated him. In this description, Plaintiff should identify what laws or agreements, if any, he believes were violated. He may include multiple laws, agreements, or other reasons, which the Court may interpret as attempting to state separate claims.

In addition to the above, Plaintiff should allege all other facts he believes are relevant to his claim or claims. The Court will interpret Plaintiff's statement as being part of his pleading. If Plaintiff does not file a more definite statement within 30 days, the Court will take any steps it deems necessary to address that failure, including dismissing Plaintiff's action in its entirety. And it is further

**ORDERED** that Defendant shall file a response pursuant to Federal Rule of Civil Procedure 12 within 21 days after being served with Plaintiff's statement.

      /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**