UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROD BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSONS INSPECTION,<br><br>        Defendant. | Civ. No. 2:12-01652 (WJM)<br><br>OPINION |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

    *Pro se* Plaintiff Sharod Brown brought suit against his former employer alleging breach of contract, wrongful termination, and discrimination. Plaintiff's former employer, Defendant Parsons Inspection and Maintenance Corp. ("Parsons"), improperly pled as "Parsons Inspection," moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will *sua sponte* **DISMISS** this action for lack of subject matter jurisdiction. It will **DENY** as moot Plaintiff's motion to dismiss.

    On January 18, 2012, Plaintiff brought suit in Superior Court. Defendant subsequently removed the action to this Court based on 28 U.S.C. §§ 1331, 1367, 1441 and Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185. On April 5, 2012, Defendant moved to dismiss Plaintiff's one paragraph Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "Unclear that [it even had] subject matter jurisdiction to entertain [the] motion," the Court recognized that Plaintiff's Complaint was too vague and conclusory to satisfy federal pleading standards. ECF No. 6. But rather than dismiss the Complaint under Rule 12(b)(1) or 12(b)(6), the Court *sua sponte* ordered Plaintiff to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The Court asked Plaintiff to provide information about his work history, his union, and his termination. It asked Plaintiff to explain why he believes Parsons violated the law when it fired him. And it asked Plaintiff whether he was covered

by a collective-bargaining agreement at the time of termination. Plaintiff responded to these questions in a four-page statement that asserts claims for breach of contract, wrongful termination, and discrimination. Defendant again moved to dismiss.

Before the Court can attend to the merits, it must first assure itself of subject matter jurisdiction. As noted earlier, Defendant asks the Court to exercise subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441 and Section 301. In evaluating its subject matter jurisdiction—or lack thereof—the Court is cognizant that "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). As the removing party, it is Parsons's burden to establish subject matter jurisdiction. *Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). At any time before final judgment, the Court has the power to remand this action to state court if it concludes that Parsons has failed to meet its burden. *See* 28 U.S.C. § 1447(c).

Plaintiff's first claim is for breach of contract. In bringing the claim, Plaintiff does not identify the contract provisions that Parsons allegedly violated. Nor does he state whether those contract provisions implicate a collective-bargaining agreement. Indeed, the closest Plaintiff comes to alleging the existence of a collective-bargaining agreement is to claim that "[the Local 518] did not uphold our contract" and to claim that "they"—presumably the Defendant—"have a step program before they can fire you, and I was not at the last step." Pls.' Rule 12(e) Statement 4-5, ECF No. 8. Yet, Defendant's jurisdictional argument relies entirely on the assumption that Plaintiff's claims are grounded in his collective-bargaining rights. Notice of Removal ¶ 12, ECF No. 1. Ultimately, as explained *infra*, Defendant's subject matter jurisdiction argument fails because it is grounded in speculation. *Cf. Brown*, 575 F.3d at 326 (doubts to be resolved in favor of remand).

The Court has subject matter jurisdiction over contract claims that arise under federal law, 28 U.S.C. § 1331, and contract claims arise under federal law if they are preempted by Section 301. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 (1983) ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."). Plaintiff's contract claim is preempted by Section 301 only if it requires the Court to interpret a collective-bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 n.8 (1988). While Plaintiff's allegations reference a contract—presumably an employment contract with Parsons—they do not mention

a collective-bargaining agreement, or even Section 301, for that matter. Therefore, Defendant cannot argue that a Section 301 claim appears on the face of the Complaint. Instead, it argues that Plaintiff's claims are preempted by Section 301 because those claims will necessarily require the Court to interpret a collective bargaining agreement. *See* Notice of Removal ¶ 13. But that assumption is mistaken, as demonstrated by *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), a case cited in Defendant's Notice of Removal. *See* Notice of Removal ¶ 13.

In *Caterpillar*, the Supreme Court held that breach of contract claims brought by union employees against their employer were not preempted by Section 301. The claims escaped preemption because they were neither "founded directly on rights created by collective-bargaining agreements" nor "substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 394 (internal quotations and citations omitted). While the plaintiffs in *Caterpillar* could have brought claims under Section 301 alleging a violation of their collective-bargaining rights, they were not required to do so. The plaintiffs were free to bring exclusively state law claims under their employment contract so long as the claims did not implicate the collective-bargaining agreement. *Id.* The Court held that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Id.* (emphasis in original).

Because it cannot determine whether Plaintiff's contract claim asserts rights independent of a collective-bargaining agreement, the Court cannot determine whether the contract claim is preempted by Section 301. That uncertainty weighs in favor of remand. *See Brown*, 575 F.3d at 326. Similarly, the Court cannot determine whether Plaintiff's claims for wrongful termination and discrimination implicate a collective-bargaining agreement. Most likely, they do not. *Cf. Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 454 (D.N.J. 2011) (wrongful termination claim under New Jersey law not preempted by Section 301); *Scott v. Sysco Food Serv. of Metro N.Y., L.L.C.*, No. 7-3656, 2007 WL 3170121, at **6-7 (D.N.J. Oct. 26, 2007) (discrimination claim under New Jersey Law Against Discrimination not preempted by Section 301). While these claims could possibly require the interpretation of a collective-bargaining agreement, the Court cannot exercise jurisdiction by assumption.

Unable to ground subject matter jurisdiction in Section 301, Defendant might attempt two additional arguments. Both attempts would fail. First, Defendant might argue that claims for breach of contract, wrongful termination, and discrimination are state law claims over which this Court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1332.  But that argument is a non-starter since Plaintiff has failed to allege diversity of citizenship.  Second, Defendant might attempt to cast Plaintiff's claim for discrimination as a claim arising under federal anti-discrimination law rather than state anti-discrimination law.  But Plaintiff is the "master of the complaint," *Caterpillar*, 482 U.S. at 392, and he has given no indication that he wishes to pursue a federal discrimination claim.  Since all jurisdictional doubts must be resolved in favor of remand, *see Brown*, 575 F.3d at 326, the Court will not create a federal cause of action where Plaintiff has not alleged one.

Plaintiff brought this action in state court, and that is where he will get to litigate it.  The Court will **DISMISS** the Complaint for lack of subject matter jurisdiction and remand this matter to Superior Court.  It will **DENY** as moot the motion to dismiss.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 16, 2012**